[Cite as *Lampinen v. Borer*, 2026-Ohio-2769.]

## IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LEO M. LAMPINEN, | CASE NO. 2025-L-134 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Painesville Municipal Court |
| KENNETH BORER, | |
| Defendant-Appellant. | Trial Court No. 2025 CVG 02321 |

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Appeal dismissed

*Anthony J. Aveni*, Counsel, and *Benjamin L. Aveni*, Co-Counsel, Cannon & Aveni Co., L.P.A., 10 West Erie Street, Suite 106, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, L.L.C., 7351 Center Street, Suite 1, Mentor, OH 44060 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Kenneth Borer ("Borer"), appeals from the judgments of the Painesville Municipal Court finding that Borer lacked an immediate right to possession of the property at issue and subsequently granting plaintiff-appellee, Leo Lampinen ("Lampinen"), a writ of restitution. For the reasons that follow, we dismiss the appeal as moot.

{¶2} Upon review, we conclude that Borer has failed to comply with R.C. 1923.14 by failing to post the required occupancy bond at the trial court level. "The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent

the cause from becoming moot is stated in R.C. 1923.14." *Concrete, Inc. v. Willowick*, 2020-Ohio-71, ¶ 5 (11th Dist.), quoting *Hmeidan v. Muheisen*, 2017-Ohio-7670, ¶ 24 (5th Dist.).

{¶3}    Accordingly, this appeal is dismissed as moot.

### Substantive and Procedural Facts

{¶4}    Lampinen is the owner of real property located in Painesville, Ohio where he previously resided with his former wife, Karen Borer-Lampinen ("Karen"). Lampinen owned the property prior to the marriage. Borer is Karen's son, making him Lampinen's former stepson. During Lampinen and Karen's marriage, Karen extended an invitation to Borer to live at the Painesville property, and Borer moved in with them. Borer did not pay rent, and the parties did not enter into a lease. Rather, Borer remained as Karen's guest.

{¶5}    In December 2022, Lampinen commenced divorce proceedings in the Lake County Court of Common Pleas. The divorce was reduced to decree in June 2025, and the decree awarded ownership of the subject property to Lampinen. Karen was ordered to vacate the premises within 30 days. Karen complied with the order and left the property.

{¶6}    Borer, however, continued to live at Lampinen's property, and on several occasions, he had Karen and a sibling over as guests. Borer continued to pay no rent, and no lease was executed. On October 7, 2025, Lampinen served a three-day notice to leave the premises on Borer. Borer did not leave. On October 13, 2025, Lampinen filed a forcible entry and detainer action in the Painesville Municipal Court against Borer, and the trial was scheduled for October 30, 2025.

{¶7}    Lampinen, Borer, and several witnesses appeared for trial as scheduled. As the trial court prepared to swear in the witnesses, Borer made an oral request for a

Case No. 2025-L-134

continuance of the matter to seek counsel on the basis that he is blind. Borer admitted that he waited until less than seven days before trial to request Legal Aid's assistance, and Borer informed the court that they would not assist unless a continuance was granted.

{¶8} The trial court denied the requested continuance noting that no one from Legal Aid entered an appearance as counsel nor was a request for continuance made at any time prior to trial. Additionally, the court explained that it does not ordinarily grant continuances on the same day a matter is set for trial.

{¶9} At trial, Lampinen introduced the divorce decree as substantive evidence of his right to ownership, possession, and control of the premises. Borer informed the trial court that the divorce decree was being appealed, that a motion was pending in the court of appeals requesting Karen's ability to remain at the premises, and that a lawyer could better explain the situation. Borer did not offer any additional testimony or call any witnesses when afforded the opportunity to do so, but Borer mentioned that he wanted to challenge Lampinen's method of service and have a jury trial.

{¶10} At the conclusion of the trial, the court entered judgment for Lampinen and ordered the property be restored to him. Lampinen requested a writ of restitution, and the set-out date was scheduled for November 10, 2025.

{¶11} Minutes before set-out was to begin, Borer filed a motion to stay execution of restitution or judgment, a motion to stay writ of restitution, and a motion for supersedeas bond waiver. The trial court cancelled the same day set-out and scheduled another hearing for November 13, 2025. The purpose of the hearing was to set an occupancy bond for the purposes of appeal.

Case No. 2025-L-134

{¶12} Just prior to the November 13, hearing, Borer filed a motion for a continuance, again indicating he wanted to retain counsel to be better prepared for the hearing. The trial court, noting that more than one month had passed and Borer still failed to retain counsel, denied the motion and proceeded to hold an occupancy bond hearing.

{¶13} At the occupancy bond hearing, the trial court explained that its usual practice is to set a monthly bond at an amount equal to one percent of the property's value as indicated by the county auditor. Because the property in question was valued at $250,000, the trial court's preliminary figure for bond was $2,500. However, Lampinen testified that a reasonable bond could be set as low as $1,700, so the trial court lowered the bond required to $1,700 per month.

{¶14} The trial court explained that the next set-out date would be November 17, 2025. But, if Borer posted the $1,700 monthly bond, then the set-out would be cancelled. Borer indicated that he would be unable to afford the reduced bond, and the trial court explained that the amount of the bond was apportioned to the value of the residence that Borer continued to occupy.

{¶15} Borer timely appealed, but he did not post the required occupancy bond and was ultimately moved out of the residence.

**The Appeal**

{¶16} Borer raises the following five assignments of error for our review:

[1.] Whether the trial court erred by granting a writ of restitution without independently adjudicating [Borer's] possessory rights within the forcible-entry-and detainer action.

[2.] Whether the trial court violated [Borer's] constitutional right to due process by denying procedural fairness, adjudicating possession against a non-party, and failing to ensure meaningful access to court.

Case No. 2025-L-134

[3.] Whether the trial court denied meaningful access to appellate review by denying indigency-based relief without findings and proceeding in a manner that ensured eviction would occur before appellate review could be obtained.

[4.] Whether the trial court committed reversible error by relying on matters outside the forcible-entry-and-detainer record.

[5.] Whether the cumulative effect of the trial court's errors deprived [Borer] of a fundamentally fair proceeding.

{¶17} As a preliminary matter, we recognize that Borer filed his initial brief pro se.[1] However, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Corr. Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). "'[Pro se civil litigants] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Snype v. Cost*, 2012-Ohio-3892, ¶ 6 (11th Dist.), quoting *Karnofel v. Cafaro Mgt. Co.*, 1998 WL 553491, *2 (11th Dist. June 26, 1998), quoting *Meyers v. First Natl. Bank,* 3 Ohio App.3d 209, 210, (1st Dist.1981).

{¶18} App.R. 16(A)(7) requires an appellant's brief to contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶19} Borer's brief fails to cite authorities or portions of the record that support his arguments, and approximately half of his legal citations bear no meaningful relationship to the issues he advances.

{¶20} For instance, Borer cites *Goss v. Lopez*, 419 U.S. 565 (1975) for the proposition of cumulative error. Notwithstanding the fact that this court does not recognize cumulative-error doctrine in civil cases, we have independently reviewed *Goss* and find

---

1. Borer subsequently retained counsel to file a reply brief in this matter.

Case No. 2025-L-134

nothing that a pro se litigant could reasonably believe supports an argument for cumulative-error doctrine. *See, e.g.*, *Frost v. Snitzer,* 2006-Ohio-3882, ¶ 107 (11th Dist.). Such a practice is suggestive of an improper reliance on artificial intelligence tools and does not represent a good-faith effort to make a coherent argument.

{¶21} This court has previously found the imposition of sanctions to be warranted for the misuse of artificial intelligence. *See generally State v. Coleman*, 2026-Ohio-965 (11th Dist.). However, recognizing that such power should be exercised with "restraint and discretion" we decline to do so in this instance. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). However, all litigants, regardless of their pro se status, are hereby cautioned that a lack of candor in their briefing may lead to sanctions.

{¶22} That said, we "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Moyer v. Robinson*, 2023-Ohio-764, ¶ 36 (11th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Having found Borer's brief non-compliant with App.R. 16, we could dismiss this appeal entirely pursuant to App.R. 18(C). *Grippando-Wright v. Smith*, 2026-Ohio-332, ¶ 14 (5th Dist.). *See also* Loc.R. 16(D). However, understanding that "fairness and justice are best served when a court disposes of a case on the merits," we will address this appeal to the extent permissible. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982).

{¶23} Having fully addressed the procedural defect, we dismiss this appeal as moot. "[A] forcible entry and detainer . . . determines the right to immediate possession of the property and nothing else." *Seventh Urban, Inc. v. University Circle Property*

Case No. 2025-L-134

*Development, Inc.*, 67 Ohio St.2d 19, 25, fn. 11 (1981), citing *State ex rel. Jenkins v. Hamilton Cnty. Court, Area No. Eight,* 114 Ohio App. 231, 233 (1st Dist. 1961). As a result, once the premises is restored, the action becomes moot because "there is no further relief that may be granted." *Lake Metropolitan Hous. Auth. v. McFadden*, 2017-Ohio-2598, ¶ 9 (11th Dist.).

{¶24} R.C. 1923.14(A) provides in part:

> If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained *and any required bond is filed with the court* . . . the judge of that court immediately shall issue an order . . . commanding the delay of all further proceedings upon the execution.

(Emphasis added.)

{¶25} Compliance with R.C. 1923.14(A) is the only available method for a defendant to prevent a forcible entry and detainer action from becoming moot. *Concrete, Inc.*, 2020-Ohio-71, at ¶ 5 (11th Dist.) "If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises." *Id.* quoting *Hmeidan*, 2017-Ohio-7670, at ¶ 24 (5th Dist.).

{¶26} In the present case, by failing to post the required occupancy bond, Borer has not complied with R.C. 1923.14(A) and was not entitled to a stay of execution pending appeal. Because the property has been restored to Lampinen and Borer has been vacated, there is no further relief that may be granted, and the appeal has become moot. This court does not decide moot cases. *M.R. v. Niesen*, 2022-Ohio-1130, ¶ 7. We therefore dismiss this appeal.

Case No. 2025-L-134

**Conclusion**

{¶27}  For the reasons set forth above, the appeal is dismissed as moot.

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-134

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are moot. It is the judgment and order of this court that the appeal is dismissed.

Costs are to be taxed against appellant.

JUDGE ROBERT J. PATTON

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-134